IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

ANDRE DUBOIS

Criminal Action No.

1:20-cr-00305-WMR-JKL

**Government's Motions in Limine**

The United States of America, by Kurt R. Erskine, Acting United States Attorney, and Ryan K. Buchanan, Assistant United States Attorney for the Northern District of Georgia, files these Motions in Limine.

### 1. Introduction

A federal grand jury returned an indictment against DuBois on August 11, 2020. (Doc. 24.) He was charged with being a felon in possession of firearms, attempting to export firearms, and delivering a package with firearms to a common carrier without notice of the contents. (*Id*.). Trial is set for November 8, 2021.

### 2. Motion to Preclude Impeachment via Investigative Reports

The Government moves to preclude the defendant from cross-examining or seeking to impeach a witness with an investigative report that the witness has not signed or otherwise adopted.

Under the Federal Rules of Evidence, a witness may only be cross-examined and, where appropriate, impeached with his or her own prior statements. *See* Fed. R. Evid. 613. The Supreme Court has long recognized that it would be "grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness's own rather than the product of

1

the investigator's selections, interpretations, and interpolations." *Palermo v. United States*, 360 U.S. 343, 350 (1959).

Investigative reports are not the "statements" of the interviewed individuals. *See United States v. Jordan*, 316 F.3d 1215, 1252 (11th Cir. 2003) (FBI 302s "are not Jencks Act statements of the witness unless they are substantially verbatim and were contemporaneously recorded, or were signed or otherwise ratified by the witness"). Courts have routinely held that these types of law enforcement reports cannot be used to cross-examine or impeach interviewed parties if they are called as witnesses. *See United States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993).

Accordingly, the Government moves to preclude the defendant from (a) cross-examining or seeking to impeach witnesses with non-verbatim reports that have not been signed or adopted by the witness; and (b) quoting, publishing, or suggesting to the jury that the contents of an investigative report is a statement of the witness.

### 3.  Motion to Preclude Hearsay Evidence of Self-Serving Statements Through Other Witnesses

Defendants often attempt to elicit their self-serving statements during cross-examination of the Government's witnesses or during direct examination of their own witnesses. But self-serving statements are inadmissible hearsay under Rule 801 of the Federal Rules of Evidence. Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial . . . and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Under Rule 801, federal courts exclude self-serving

statements made by a defendant that have an exculpatory effect because they lack trustworthiness and reliability. *See, e.g.*, *United States v. Willis,* 759 F.2d 1486, 1501 (11th Cir. 1985); *United States v. Bizzard*, 674 F.2d 1382, 1387 (11th Cir. 1982) (holding that a defendant's statements were properly excluded because they were self-serving and therefore lacked reliability); *United States v. Bishop*, 264 F.3d 535, 548-49 (5th Cir. 2001) (holding that the district court properly excluded statements made by the defendant because they were self-serving and made in an attempt to show that he did not have the requisite intent for the crime charged).

Any self-serving statements made by the defendant that defense counsel might attempt to elicit during cross-examination of the Government's witnesses –or on direct examination of the defendant's own witnesses – would fall squarely within the definition of hearsay and be inadmissible. Hence, in *Willis*, the Eleventh Circuit affirmed when the district court precluded the defense from eliciting a defendant's self-exculpatory statements made at the time of arrest through cross-examination of an agent testifying for the Government. 759 F.2d at 1501. The hearsay rule prohibits a defendant from placing his own self-serving remarks before a jury without subjecting himself to cross-examination. *Id*.; *see also United States v. Scrima*, 819 F.2d 996, 1001 (11th Cir. 1987) (holding that in a tax fraud prosecution the hearsay rule forbade the defense from seeking to place a defendant's self-serving remarks before a jury without subjecting him to the scrutiny of cross-examination).

Because such self-serving statements wholly lack the necessary indicia of reliability and trustworthiness required to overcome the hearsay rule, federal

courts have also routinely rejected admission of these statements under other exceptions to the hearsay rule: such as to explain a defendant's then-existing statement of mind under Rule 803(3); under the residual exception to the hearsay rule; or under the Rule of Completeness at Rule 106 of the Federal Rules of Evidence. And Rule 801(d)(2), which allows for the admission of an "opposing party's statement," does not apply because the defendant is not an opposing party to himself. Fed. R. Evid. 801(d)(2).

In *United States v. Cunningham*, 194 F.3d 1186, 1199 (11th Cir. 1999), for instance, a defendant sought to introduce a post-arrest statement that he made to a United States Marshal who was arresting him on a fugitive warrant. The defendant's statement consisted of his insistence that he was not a fugitive because he thought that his case had been closed. *Id.* The defendant offered the statement as an exception to the hearsay rule because he claimed it demonstrated his "then-existing state of mind." *Id.* The Eleventh Circuit disagreed, explaining that its holding in *Willis* clearly foreclosed the defendant's attempt to introduce this potentially exculpatory statement. *Id.* The *Cunningham* Court observed that, "The defense sought to place [the defendant's] remarks before the jury without subjecting [him] to cross-examination. This is precisely what is forbidden by the hearsay rule." *Id.* (quoting *Willis*, 759 F.2d at 1486.) The *Cunningham* Court also noted that Rule 803(3) explicitly excludes "a statement . . . of belief to prove the fact . . . believed." *Id.* (citing Fed. R. Evid. 803(3)). For all these reasons, the defendant may not elicit his self-serving statements during either cross-examination of the Government's witnesses or on direct examination of his own witnesses.

4

### 4.  Motion to Preclude Improper Character Evidence

The Government moves the Court to exclude any evidence of the defendant's general good character or evidence of specific instances of good conduct. Under the Federal Rules of Evidence, a defendant may present character evidence via *reputation* or *opinion* testimony regarding *lawfulness* and sometimes regarding *truthfulness*—and the prosecution is allowed to rebut the same. Fed. R. Evid. 405(a); *United States v. Reed*, 700 F.2d 638, 645 (11th Cir. 1983); *see United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981 (Unit A)) (lawfulness is pertinent trait in all criminal prosecutions). However, "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid. 404(a). Consequently, when character is not an essential element of the offense, character evidence may only be presented through "testimony as to reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a), *accord United States v. Solomon*, 686 F.2d 863, 874 (11th Cir. 1982).

As it follows, a defendant may not provide evidence of possessing a generally good character, such as non-violent character, or character which involves kindness to women or children. *See United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991) (court properly excluded proffered testimony "to portray [defendant as having] a good character"); *cf. Hewitt*, 634 F.2d at 280 (prevailing view is that Rule 404(a) precludes a defendant from offering reputation or opinion testimony regarding his "general good character").

Likewise, a defendant may not offer evidence of specific instances of good conduct or the absence of bad conduct. *United States v. Ellisor*, 522 F.3d 1255,

1270 (11th Cir. 2008) ("specific acts of good character were inadmissible under [the] Rules"); *see also Solomon*, 686 F.2d at 873-74 (court properly excluded evidence of defendant's military service and number of children as an improper attempt to interject specific instances of conduct); *United States v. Paccione*, 949 F.2d 1183, 1201(2d Cir. 1991) (court properly excluded evidence that defendant had devoted his life to caring for a son with cerebral palsy).

Judged by these principles, the defendant should not be permitted to introduce evidence that he possessed a generally "good" character—*e.g.,* that he is a good person, or is religious, moral and ethical, hard-working, or talented. *See United States v. Bernard*, 299 F.3d 467, 476 (5th Cir. 2002) (approving court's sentencing instruction that jurors should not "consider the religious view of the defendants"); *United States v. Santana-Camacho*, 931 F.2d 966, 967 (1st Cir. 1991) (excluding evidence that defendant was a good family man and a kind man because it was not a trait relevant to the offense); *United States v. Nazzaro*, 889 F.2d1158, 1168 (1st Cir. 1989) (evidence of "bravery, attention to duty, perhaps community spirit—were hardly 'pertinent' to the [charged] crimes").

Similarly, the defendant should not be permitted to put on evidence of specific acts of good conduct—such as incidents of: (a) public service, charitable work, or church work/activities; (b) honesty; (c) a lack of prior bad acts; or (d) any other specific instances of "good" conduct, such as caring for a disabled child, or paying for a family member's medical bills. *Ellisor*, 522 F.3d 1255, 1270; *see Camejo*,929 F.2d at 613 ("proffered testimony was merely an attempt to portray the defendant as a good character through the use of 'prior good acts'"); *United States v. Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (defendant

police officer's commendations properly excluded because they were neither "pertinent" nor probative of an essential element); *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("defendant may not seek to establish his innocence, however, through proof of the absence of criminal acts on specific occasions").

The Court should therefore exclude evidence of the defendant's general good character and evidence of any specific instances of good conduct.

### 5. Motion to Preclude Arguments on Jury Nullification

The Government anticipates that defense counsel will attempt to introduce evidence and to make argument directed at encouraging the jury to engage in jury nullification. Accordingly, the Government respectfully requests that defense counsel be precluded from eliciting testimony and making argument that directly or indirectly asks or otherwise suggests that the jury engage in jury nullification. This prohibition should include 1) any references to the legitimacy of the United States government; 2) evidence and argument concerning the consequences a conviction may have upon the defendant and the defendant's family, including possible sentences that may be imposed; 3) evidence and argument that the statute at issue is unfairly or unjustly applied in this case; 4) evidence and argument that no actual crime occurred nor was any crime intended; and 5) any argument and evidence designed to invoke juror sympathy, to appeal generally to the jurors' sense of fairness or justice.

A jury nullification occurs when a jury excuses a defendant's otherwise unlawful conduct based on the jury's "sense of justice, or sense of fairness about some policy or issue regarding a defendant's trial."  Black's Law Dictionary 936 (9th ed. 2009).  That is impermissible because the jury's sworn "duty is to apply

the law as interpreted and instructed by the court." *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983). As the Eleventh Circuit has observed, while the jury possess the "de facto power to refuse to apply the law as instructed by the court, the exercise of such power is in dereliction of the jury's sworn duty." *United States v. Funches*, 135 F.3d 1405 (11th Cir. 1998).

Just as a jury has no right to nullify criminal laws, a defendant has no right to introduce evidence designed to elicit jury nullification. *Funches*, 135 F.3d. at 1409. Accordingly, the district court may prohibit the presentation of evidence if the district court determines that the true intent is to encourage jury nullification. *See United States v. Moss*, 297 Fed. Appx. 839, 841 (11th Cir. 2008) (in prosecution of defendant charged with possession of firearm by a convicted felon, affirming grant of government's motion in limine to exclude defendant's testimony about motive for possessing the firearm and noting that "district court properly found that [defendant's] testimony was really intended to inspire a jury to exercise nullification.")

Furthermore, a defense attorney may not argue for or otherwise suggest to the jury that they engage in jury nullification.  *Trujillo*, 714 F.2d at 105-106.  In *Trujillo*, the defense counsel argued that the district court erred when it refused to allow defense counsel to argue jury nullification in his closing argument. In affirming the district court's ruling, the Court of Appeals noted that such an argument "would have encouraged the jury to ignore the court's instruction and apply the law at their caprice."  *Id*. at 106. But "neither the court nor counsel should encourage jurors to violate their oath."  *Id*.

Based on the foregoing reasons, the Government respectfully requests that

the Court preclude defense counsel from introducing evidence and from making, directly or indirectly, argument designed to encourage jury nullification.

## Conclusion

For the reasons discussed above, this Court should GRANT the Government's Motions in Limine.

Respectfully submitted,
KURT R. ERSKINE
Acting United States Attorney


/s/RYAN K. BUCHANAN
Assistant United States Attorney
Georgia Bar No. 623388

600 U.S. Courthouse
75 Ted Turner Drive S.W. Atlanta, GA  30303
Phone (404) 581-6000
Fax (404) 581-6181

**Certificate of Service**

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

October 6, 2021

/s/ Ryan K. Buchanan

*Assistant United States Attorney*