# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANDRE MICHAEL DUBOIS,<br><br>Defendant. | CRIMINAL ACTION FILE NO.<br>1:20-cr-00305-WMR-JKL |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") [Doc. 69] on Defendant Andre Dubois's motion to suppress [Doc. 43].

In April 2018, an individual attempted to ship two packages to Dominica, which were later discovered to contain three firearms. [Doc. 69 at 2.] The individual was wearing a sweatshirt that bore the name "East Midtown Partnership." [*Id.*] In order to identify the suspect, law enforcement agents served a subpoena on the Doe Fund, an entity connected to East Midtown Partnership. [*Id.*] The Doe Fund's human resources department circulated video clips and a still photograph of the suspect internally. [*Id.* at 3.] Raymond Jones, who was working with Ready, Willing & Able, an affiliate of the Doe Fund, identified the individual in the photograph as Mr. Dubois. [*Id.*] Mr. Dubois was charged with various offenses, including unlawfully attempting to export firearms and ammunition. [*See* Doc. 24.]

Mr. Dubois later moved to suppress Mr. Jones's out-of-court identification and to preclude the government from having Mr. Jones identify him at trial. [Doc. 69 at 1; *see* Doc. 43.] Mr. Dubois argued that the identification was impermissibly suggestive and unreliable in violation of due process. [Doc. 43 at 2; Doc. 66 at 1–2.] The Magistrate Judge held an evidentiary hearing on the motion at which Mr. Jones testified. [Doc. 69 at 1–2.] Mr. Jones stated he was able to identify Mr. Dubois because Mr. Dubois previously participated in one of Ready, Willing & Able's programs. [*Id.* at 4.] Mr. Jones interacted with Mr. Dubois face-to-face on a few occasions and had no difficulty seeing his face. [*Id.*] When Mr. Jones identified Mr. Dubois, he was not told why he was sent the photograph or that law enforcement was attempting to identify the individual in the photograph. [*Id.* at 3.]

In the R&R, the Magistrate Judge recommends that Mr. Dubois's motion to suppress be denied. [*Id.* at 8.] In deciding whether Mr. Jones's out-of-court identification violated due process, the Magistrate Judge applied the required two-step test. [*Id.* at 4–8.] At the first step, a court must decide whether the identification procedure was unduly suggestive. *United States v. Caldwell*, 963 F.3d 1067, 1075 (11th Cir. 2020). If so, at the second step, a court must decide whether the identification was nonetheless reliable under the totality of the circumstances. *Id.*

The Magistrate Judge "readily conclude[d] that Mr. Jones's identification of Mr. Dubois did not violate due process." [Doc. 69 at 6.] At the first step, the

Magistrate Judge found that the identification procedure was not unduly suggestive because Mr. Jones made the identification without any prompting or even direct involvement from law enforcement. [*Id.* at 6–7.] But even assuming the identification procedure was unduly suggestive, the Magistrate Judge continued to the second step and found that, "under the totality of the circumstances, the identification was nevertheless reliable." [*Id.* at 7.] The Magistrate Judge noted Mr. Jones testified that he knew Mr. Dubois from work and they interacted face-to-face. [*Id.*] The Magistrate Judge also stated that Mr. Jones "expressed confidence that he remembered what Mr. Dubois looked like" and was "absolutely certain" Mr. Dubois was the individual in the photograph. [*Id.* at 7–8.]

In reviewing the R&R, this Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no party files an objection, the Court reviews the R&R for clear error. *See, e.g.*, *Hawbaker v. Dix*, 499 F. Supp. 3d 1244, 1246 (N.D. Ga. 2020). Here, no objections to the R&R have been filed, so clear-error review applies.

After considering the R&R and reviewing it for clear error, the Court hereby receives the R&R with approval and adopts its recommendation as the opinion and order of the Court. Accordingly, Defendant's motion to suppress [Doc. 43] is **DENIED**.

**IT IS SO ORDERED**, this 12th day of October, 2021.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE